UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| CALVIN HORTON | CIVIL ACTION NO. 15-1707-P |
| VERSUS | JUDGE HICKS |
| BOBBY JINDAL, ET AL. | MAGISTRATE JUDGE HORNSBY |

REPORT AND RECOMMENDATION

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Calvin Horton ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on May 14, 2015. Plaintiff is currently incarcerated at the Allen Correctional Center in Kinder, Louisiana and claims his civil rights were violated by prison officials. He names Bobby Jindal, James LeBlanc, Gibbs Whalen, Nate Cain, Jerry Goodwin, Con Way Hospital, Unknown Doctors, the Avoyelles Correctional Center, Dr. Smith, Nurse Sidley, Dr. Hearn, Huey P. Long Hospital, the Louisiana Department of Public Safety & Corrections, and the Avoyelles Correctional Center Medical Department as defendants.

Plaintiff filed a motion for preliminary injunction (Doc. 7). He seeks to have this court order Warden Jerry Goodwin to send him to a neurologist for adequate medical treatment.

In order for Plaintiff to obtain a preliminary injunction, he would have to show (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury

absent an injunction, (3) that the threatened injury would exceed any harm that would flow from the injunction, and (4) that the injunction would not undermine the public interest. Walgreen Co. v. Hood, 275 F.3d 475, 477 (5th Cir. 2001). Plaintiff must prove all four elements and any failure to prove any one element will result in the denial of the motion. Enterprise Intern., Inc. v. Corporacion Estatal Petrolera Ecuatoriana, 762 F.2d 464, 472 (5th Cir.1985).

In the instant case, Plaintiff has failed to meet the requirements set forth above. Plaintiff cannot prove he will suffer irreparable injury if the court refuses to grant a preliminary injunction as he is no longer in the custody of Warden Goodwin. In fact, he is currently incarcerated at the Allen Correctional Center in Kinder, Louisiana. Thus, his claims are moot.

Accordingly;

**IT IS RECOMMENDED** that the motion for preliminary injunction (Doc. 7) be **DENIED.**

## OBJECTIONS

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed.R.Civ.P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this the 22nd day of July, 2016.

Mark L. Hornsby
U.S. Magistrate Judge