# UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

| | |
|---|---|
| **CALVIN HORTON** | **CIVIL ACTION NO. 15-1707-P** |
| **VERSUS** | **JUDGE HICKS** |
| **BOBBY JINDAL, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Calvin Horton ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on May 14, 2015. Plaintiff is currently incarcerated at the Bossier Transitional Work Program in Plain Dealing, Louisiana. He names Bobby Jindal, James LeBlanc, Gibbs Whalen, Nate Cain, Jerry Goodwin, Conway Hospital, Unknown Doctors, the Avoyelles Correctional Center, Dr. Smith, Nurse Sidley, Dr. Hearn, Huey P. Long Hospital, the Louisiana Department of Public Safety & Corrections, and the Avoyelles Correctional Center Medical Department as defendants.

Plaintiff claims Defendants have conspired, retaliated, and discriminated against him. He claims Defendants concealed evidence to prevent him from proving his claim of gross negligence.

Plaintiff claims that in February of 2008, he was transported to Conway Hospital in Monroe, Louisiana. He claims Dr. John Doe performed several x-rays and one MRI. He claims he was not advised of the severity of his chronic, debilitating ailments.

Plaintiff claims that in November of 2009, he suffered a mild stoke. He claims he was admitted to Huey P. Long Hospital in Pineville, Louisiana, for three days. He claims Dr. John Doe performed an MRI. He claims the failure of doctors to inform him of the exact cause of his stroke demonstrates that his medical information was withheld from him. He claims he still suffers from paralysis and other complications from the stoke. He claims Defendants were grossly negligent.

Plaintiff claims the Avoyelles Correctional Center Medical Department made an inaccurate medical assessment of him because of the negligence at Huey P. Long Hospital in 2009 in withholding the results of his MRI. He claims this negligence was repeated from November of 2014 to March 16, 2015 by Warden Nate Cain, Dr. Smith, Nurse Sidley and James LeBlanc who refused him appropriate medical care and treatment.

Plaintiff claims he sought criminal and civil legal assistance during time and his needs were also neglected. He claims that on December 29, 2014, he submitted a request to the Louisiana Twelfth Judicial District Court and the court ordered a habeas hearing for February 3, 2015. He claims that before the hearing, he spoke briefly with a court appointed attorney. He claims the District Attorney then informed him that his petition had been filed in the wrong court and was being transferred to the Louisiana First Judicial District Court.

Plaintiff claims that on March 16, 2015, he was retaliated and discriminated against

when he was transferred to David Wade Correctional Center and housed in the administrative segregation cell block without a disciplinary reason. He claims he was subjected to harsh living conditions which aggravated his medical conditions.

Plaintiff also claims his placement in the cell block prevented him from adequately addressing his court issues because he did not have access to the law library. He claims he was unable to properly litigate his habeas petition and appeal regarding the April 23, 2015 denial of his habeas petition in the state court. He claims that he had only 30 days to file an appeal. Plaintiff claims that on April 27, 2015, he submitted a request to the law library. He claims that law counsel Joe Tubbs and Tony Evans visited his tier but would shun him and failed to advise him regarding his criminal matter.

Plaintiff claims that on May 13, 2015, while placed in general population, he sought legal advice regarding his criminal matter. He claims the inmate counsel were inadequate and indifferent. He claims several inmates he met on the yard verbally provided him with constructive legal advice. He claims they told him to send a motion to the Supreme Court of Louisiana which explained that he being denied access to the courts and requested permission to file a second and successive petition. He claims the Supreme Court of Louisiana accepted his motion as a writ on August 8, 2015 and denied it on December 7, 2015.

Plaintiff claims that on September 3, 2015, while housed in the administrative segregation cellblocks, he was advised by an inmate to present an application for post-

conviction relief in the Louisiana First Judicial District Court. He claims in this application he argued that he was entitled to DNA testing and the bill of information was faulty. He claims this application was denied on February 25, 2016 as untimely.

Plaintiff claims that in January of 2015, he submitted several complaints to Gibbs Whalen, Assistant Secretary of Adult Services. He claims he has not replied to his requests for services. He claims Whalen is negligent because he denied him services that he desperately needed.

Plaintiff claims he contacted the office of Bobby Jindal in April of 2015, but he refuses to investigate the Louisiana Department of Corrections and his complaint against them. He claims Jindal is negligent.

Plaintiff claims James LeBlanc was negligent because he is the administrator over the correctional facilities. He claims he ignored all his complaints to his office.

Accordingly, Plaintiff seeks to be housed in a dorm that is suitable for his condition, medical treatment, declaratory relief, nominal, compensatory, and punitive damages, and any other relief to which he is entitled.

For the following reasons, Plaintiff's complaint should be dismissed with prejudice as frivolous.

## LAW AND ANALYSIS

**Prescription**

In <u>Wilson v. Garcia</u>, 471 U.S. 261 (1985), the Court articulated the guidelines to be used in determining what prescriptive period should apply to Section 1983 claims. The Court determined "§ 1983 claims are best characterized as personal injury actions" and the forum state's statute of limitations applicable to such claims should be used. <u>Id</u>. at 280. In <u>Gates v. Spinks</u>, 771 F.2d 916 (5th Cir. 1985), the Fifth Circuit Court of Appeals phrased the test as: "The state statute governing the general tort remedy for personal injuries should apply to 1983 actions . . ." <u>Gates</u>, 771 F.2d at 919.

The Louisiana Civil Code provides a general prescriptive statute that governs tort actions. The article subjects delictual actions to a liberative prescription of one year. <u>See</u> La. C.C. art. 3492. The Fifth Circuit qualified this prescriptive period, however, when it held that "a section 1983 action accrues and the statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis for the action." <u>Watts v. Graves</u>, 720 F.2d 1416, 1417 (5th Cir. 1983). Finally, prescription on the claim is tolled while the administrative remedy procedure is pending. <u>See</u> <u>Harris v. Hegmann</u>, 198 F.3d 153 (5th Cir. 1999).

Plaintiff claims his civil rights were violated in February of 2008 when he was not advised of his chronic, debilitating ailments. He claims his civil rights were violated in November of 2009 when he suffered a mild stroke and he was not informed of the exact cause of his stroke. Thus, prescription began to run as to these claims in November of 2009 at the latest. The above entitled and numbered complaint was not signed by Plaintiff until May 7, 2015, and it was not filed by the Clerk of Court until May 14, 2015. Plaintiff's

claims are therefore prescribed. Accordingly, Plaintiff's civil rights claims should be dismissed as frivolous.

**Medical Claims**

Plaintiff claims he received inadequate medical treatment from November of 2014 to March 26, 2015 because inaccurate medical assessments were made based on his incomplete medical history. He filed this claim pursuant to 42 U.S.C. § 1983 of the Civil Rights Act which provides redress for persons "deprived of any rights, privileges or immunities" by a person acting under color of state law. The particular right protected under 42 U.S.C. § 1983 in matters which concern alleged denial of or inadequate medical care is the Eighth Amendment prohibition against cruel and unusual punishment.

The lack of proper inmate medical care rises to the level of a constitutional deprivation under the Eighth Amendment of the United States Constitution only if the evidence shows that the prison officials showed "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976); See also Farmer v. Brennan, 511 U.S. 825, 835, 114 S. Ct. 1970, 1978 (1994). It is only deliberate indifference, "an unnecessary and wanton infliction of pain" or an act "repugnant to the conscience of mankind," that constitutes conduct proscribed by the Eighth Amendment. Estelle, 429 U.S. at 105-06, 97 S. Ct. at 292; See also Gregg v. Georgia, 428 U.S. 153, 96 S. Ct. 2909 (1976). Further, the plaintiff must establish that the defendants possessed a culpable state of mind. See Wilson v. Seiter, 501 U.S. 294, 297-302, 111 S. Ct. 2321, 2323-27 (1991); Farmer, 511 U.S. at 838-47, 114 S. Ct. at 1979-84. In addition, disagreement

with the diagnostic measures or methods of treatment afforded by prison officials does not state a claim for Eighth Amendment indifference to medical needs. See Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997).

After a thorough review of Plaintiff's complaint, read in a light most favorable to him, the court finds that the facts alleged do not support a finding of deliberate indifference to serious medical needs. Plaintiff's complaint is devoid of factual allegations that would tend to show Defendants acted with a culpable state of mind or that their actions were "unnecessary and wanton."

Plaintiff's allegations, if accepted as true, may amount to a state law claim for negligence, a tort. However, mere negligence, neglect or medical malpractice does not amount to a denial of a constitutional right as these actions on the part of Defendants do not rise to the level of a constitutional tort. See Daniels v. Williams, 474 U.S. 327, 329-30, 106 S. Ct. 662, 664 (1986); Estelle, 429 U.S. at 106, 97 S. Ct. at 292; Lewis v. Woods, 848 F.2d 649, 651 (5th Cir. 1988). Accordingly, Plaintiff's medical treatment claims should be dismissed with prejudice as frivolous.

**Access to the Courts**

Plaintiff claims he was denied legal assistance for criminal and civil matters. He claims that on December 14, 2014, he filed a habeas petition in the Louisiana Twelfth Judicial District Court which was transferred to the Louisiana First Judicial District Court. He admits that he was granted access to an attorney.

Plaintiff claims that when he was incarcerated at David Wade Correctional Center in the administrative segregation cell block, he could not adequately address his court issues because he did not have access to the law library. He claims he was unable to properly litigate his habeas petition and appeal regarding the April 23, 2015 denial of his habeas petition in state court. He claims that on April 27, 2015, he submitted a request to the law library, but the two inmate counsels shunned him and failed to advise him regarding his criminal matter. He claims the only constructive legal advice he received was from inmates he met on the yard.

Prisoners have a constitutional right of meaningful access to the courts. Degrate v. Godwin, 84 F.3d 768, 768-69 (5th Cir.1996) (quoting Bounds v. Smith, 430 U.S. 817, 828, 97 S.Ct. 1491, 1498, 52 L.Ed.2d 72 (1977)). However, this constitutional guarantee is not without limitation. Lewis v. Casey, 518 U.S. 343 (1996) (quoting Turner v. Safley, 482 U.S. 78, 89, 107 S.Ct. 2254, 2261-62, 96 L.Ed.2d 64 (1987)). In Lewis v. Casey, 518 U.S. 343, (1996), the Supreme Court reviewed its holding in Bounds v. Smith, 430 U.S. 817, (1977) which is the source of a prisoner's constitutional right to "meaningful access to the courts." While the Supreme Court reaffirmed a prisoner's right of access to the courts in Lewis, the Court limited the parameters of Bounds and set forth a standard to be applied when determining whether to grant relief for an access to the courts violation. In so holding, the Court noted that a prisoner must show an actual injury, explaining that this requirement is derived from the doctrine of standing. Lewis, 116 S.Ct. at 2179. The Court used the analogy of a prisoner who is denied access to that of a healthy prisoner who has been

deprived of medical treatment. In both cases, neither the access deprived prisoner nor the healthy prisoner have sustained constitutional injury, and thus, are not entitled to relief under Section 1983. The Court emphasized that the court's role is to provide relief to claimants who have suffered actual harm, not to interfere with the management of prisons.

The Fifth Circuit has held that a prisoner cannot prevail on an access to the courts claim without proving an actual injury in non-frivolous litigation as a result of the defendant's alleged unconstitutional conduct. Ruiz v. United States, 160 F.3d 273, 275 (5th Cir. 1998); Chriceol v. Phillips, 169 F.3d 313, 317 (5th Cir. 1999).

Application of the actual injury requirement to the instant case supports a finding that Plaintiff's claims are frivolous. Clearly, Plaintiff has not satisfied the "actual injury" requirement. Plaintiff has failed to demonstrate that he lost the right to commence, prosecute or appeal any suit as a result of the alleged denial of inmate counsel substitute or legal materials and assistance. Plaintiff admits that he was able to file a habeas petition in December of 2014. He claims that after his petition was denied he submitted a request to the law library but that the two inmate counsels shunned him. He further claims that the inmate counsels in general population were inadequate and indifferent. He admits however that he received legal advice from other inmates. He admits that he filed a motion requesting permission to file a second and successive petition which was accepted as a writ by the Supreme Court of Louisiana. He also admits that on September 3, 2015, an inmate advised him to file an application for post-conviction relief in the Louisiana First Judicial District Court which claimed he was entitled to DNA testing and challenged the bill of

information. He claims this application was denied as untimely. Furthermore, Plaintiff's complaint in this court reveals on its face that he was able to clearly present his claims to this court. Thus, he has failed to state any actual injury. Accordingly, Plaintiff's claims should be dismissed with prejudice as frivolous.

**Retaliation**

Plaintiff claims that on March 16, 2015, he was retaliated and discriminated against when he was transferred to David Wade Correctional Center and housed in the administrative segregation cell block without a disciplinary reason. To state a claim of retaliation, an inmate must allege the violation of a specific constitutional right and be prepared to establish that but for the retaliatory motive the complained of incident--such as the theft of his personal property--would not have occurred. Woods v. Smith, 60 F.3d 1161 (5th Cir. 1995), citing Mt. Healthy City School Board District Bd. Of Education v. Doyle, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977).

Plaintiff's bare allegations that he was retaliated against are unconvincing. The retaliatory motive alleged by Plaintiff is entirely conclusory as he provides no evidence that "but for" this motive, he would have been housed in the administrative segregation cell block. Accordingly, these actions by prison officials do not implicate any constitutional rights and his claim should be dismissed as frivolous.

Federal courts should not, under the guise of enforcing constitutional standards, assume the superintendence of state prison administration. See Jones v. Diamond, 636 F.2d 1364, 1368 (5th Cir. 1981) (en banc) (overruled on other grounds). Thus, this court must

afford state prison administrators wide-ranging deference to adopt and to execute policies and practices that are needed to maintain and preserve order, discipline and security in prison. See Bell v. Wolfish, 441 U.S. 520, 547 (1979).

The classification of prisoners is such a practice that is left to the discretion of prison officials. See McCord v. Maggio, 910 F.2d 1248, 1250 (5th Cir. 1990). "It is well settled that '[p]rison officials must have broad discretion, free from judicial intervention, in classifying prisoners in terms of their custodial status'." McCord, 910 F.2d at 1250 (quoting Wilkerson v. Maggio, 703 F.2d 909 (5th Cir. 1983)).

In Louisiana, the classification of prisoners is the duty of the Department of Corrections and an inmate, such as Plaintiff, has no right to a particular classification. In addition, "speculative, collateral consequences of prison administrative decisions do not create constitutionally protected liberty interests." Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995) (citing Meachum v. Fano, 427 U.S. 215, 299 n.8, 96 S. Ct. 2532, 2540 n.8 (1976)).

The prison officials' decision to place Plaintiff in administrative segregation and the resulting consequences of such decision do not give rise to constitutionally protected liberty interests. Plaintiff's claims with respect to his classification are frivolous because they lack an arguable basis in law and in fact, and they should be dismissed with prejudice.

**Conditions**

Plaintiff claims that while he was incarcerated at the David Wade Correctional Center in administrative segregation cell block, he was subjected to harsh living conditions which aggravated his medical conditions. A Section 1983 plaintiff has long been required

to plead his case with "factual detail and particularity," not mere conclusory allegations. Elliot v. Perez, 751 F.2d 1472, 1473 (5th Cir. 1985); Hale v. Harney, 786 F.2d 688 (5th Cir. 1986). The Supreme Court has abolished this heightened pleading standard for claims against municipalities, Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 113 S.Ct. 1160 (1993), but the requirement remains firmly in place for claims against individual public officials. See Schultea v. Wood, 47 F.3d 1427 (5th Cir.1995) (en banc).

Plaintiff has named individual prison officials as defendants and is therefore required to give factual details regarding his alleged constitutional rights violations. Plaintiff has failed to do so even after being ordered to amend his complaint. Accordingly, these claims should be dismissed for failure to state a claim on which relief may be granted.

**Negligence Claims**

Plaintiff claims Gibbs Whalen, Bobby Jindal, and James LeBlanc were negligent in their handling of his complaints and requests for services. Negligently inflicted injury does not amount to a constitutional violation merely because the victim is a prisoner. "Where a government official's act causing injury to life, liberty, or property is merely negligent, 'no procedure for compensation is constitutionally required.'" Daniels v. Williams, 474 U.S. 327, 333, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); Davidson v. Cannon, 474 U.S. 344, 347, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986).

Although jailors owe a special duty of care to those in their custody under state law, the Due Process Clause of the Fourteenth Amendment does [not] embrace such a tort law

concept." Daniels at 335-36. Simple negligence does not state a claim for denial of due process in violation of the Fourteenth Amendment. Accordingly, Plaintiff's claims should be dismissed with prejudice as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another

party's objection within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See <u>Douglas v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 17th day of October 2017.

_____
Mark L. Hornsby
U.S. Magistrate Judge